FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
<u>UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983</u>

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
_____ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 8 2004

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Richard DeLon Day
(Enter above the full name of
the plaintiff in this action.)

Social Security No._____

Prisoner ID No. 88100

V.

CASE NO. 1:04CV00089 HDY)

Correctional Medical Services
Kimberly Emery/Cash Cherry
Dr. T. Bailey
(Enter above the <u>full</u> name of
defendant, or defendants, in
this action.)

ORIGINAL COPY

This case assigned to District Judge Wilson
and to Magistrate Judge Young

I.    Previous Lawsuits

   A.    Have you begun other lawsuits in state or federal court
         dealing with the same facts involved in this action?

         Yes _____     No __X__

   B.    If your answer to A is yes, describe each lawsuit in the
         space below <u>including the exact plaintiff name or alias
         used</u>.  (If there is more than one lawsuit, describe the
         additional lawsuits on another piece of paper, using the
         same outline.)

         1.    Parties to this lawsuit

               Plaintiffs: NA

               Defendants: NA

         2.    Court (if federal court, name the district; if
               state, name the county: NA

**1**

3.  Docket Number: _N/A_

4.  Name of judge to whom case was assigned: _N/A_

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? _N/A_

6.  Approximate date of filing lawsuit: _N/A_

7.  Approximate date of disposition: _N/A_

II.  Place of Present Confinement: _N/A_

III.  There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. <u>Failure to complete the grievance procedure may affect your case in federal court.</u>

A.  Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

Yes ___✓___     No _____

B.  If your answer is YES, Attach copies of the most recent written grievance(s)/response(s) relating to your claims showing completion of the grievance procedure. <u>FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.</u>

C.  If your answer is NO, explain why not: _N/A_

IV.  Parties

(In item A below, place your name in the first blank and place your present address in the second blank.

A.  Name of plaintiff: _Richard DeLon Day_

Address: _Maximum Security Unit - 2501 State Farm Rd_
_Tucker, AR 72168_

-2-

(In Item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B.   Defendant: Kimberly Emery

Position: Dental Assistant

Place of Employment: North Central Unit

Address: HC62 Box 300 - Calico Rock, AR 72519

Defendant: Cash Cherry

Position: Medical Administrator

Place of Employment: North Central Unit

Address: HC62 Box 300 - Calico Rock, AR 72519

Defendant: Dr. T. Bailey

Position: Dentist

Place of Employment: North Central Unit

Address: HC62 Box 300 - Calico Rock, AR 72519

Defendant: Correctional Medical Services (C.M.S.)

Position: Private Corporation

Place of Employment: Arkansas Dept. of Correction

Address: Pine Bluff, AR - P.O. Box 8707 - 71611

Defendant: _____

Position: _____

Place of Employment: _____

Address: _____

**V.**  **Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case.
Describe how each defendant is involved.    Include also the
names of other persons involved, dates, and places.  Do not
give any legal arguments or cite any cases or statutes.    If
you intend to allege a number of related claims, number and
set forth each claim in a separate paragraph.    (Use as much
space as you need.  Attach extra sheets if necessary.)

This a Civil rights action filed by ~~Joseph Williams~~ Richard Delon Day #88100, a State prisoner in Arkansas Department of Correction, for damages under 42 U.S.C. §1983, alleging denial of dental care in violation of the Eighth Amendment of the United States Constitution, and denial of Equal Protection of the laws in violation of the Fourteenth Amendment of the U.S. Constitution, and the plaintiff also alleges a claim of medical negligence against the defendants named as parties to this action.

(Continue on page 5)

**VI.**  **Relief**

<u>State briefly exactly what you want the court to do for you.</u>
Make no legal arguments.  Cite no cases or statutes.

Wherefore, plaintiff requests that the Court grant the following relief:
(A). Award Special Damages against Defendants C.M.S., Dr. T. Bailey, Ms. K. Emery, and C. Cherry, pursuant to Federal Rules of Civil Procedure 9(g). The Defendants breached a Consensual Contract, which also in-

(continued on page 12)

I declare under penalty of perjury (18 U.S.C. §1621) that the
foregoing is true and correct.

Executed this 24th day of October, 2004.

_Richard D. Day_
Signature of Plaintiff

-4-

page 5                    "Statement Of Claim"

(1) On or around 9-20-02 I began experiencing an extremely painful toothache, therefore, I turned in a Sick Call request and was seen on 9-24-02 by Nurse Skull. Some pain medication was prescribed by Nurse Skull and she placed me on a list to be seen by a dentist. A few days passed and I used up all the medication, so I filled out another sick call slip and I was seen again on 10-2-02 by a nurse. During this visit I was informed that Correctional Medical Services had failed to provide the North Central Unit with a Dentist to fulfill my dental needs, therefore, I was scheduled to be seen by Physician Assistant (A.P.N.). On 10-4-02 A.P.N. La Fevers examined me and referred me to the Dental Assistant Ms. Emery. Ms. Emery took some X-rays of my teeth and told me that I'd be seen by a dentist as soon as C.M.S. provided a dentist for the North Central Unit, because at that time, no dentist had been obtained to service the dental needs of the Unit. The Dental Assistant assured me that I would not have to endure the pain much longer, but that I would have to endure the pain until a dentist was obtained.

(2) It should be noted that Correctional Medical Services is a private corporation who has a contract with the Arkansas Department of Correction to provide adequate medical and dental treatment for inmates housed within the ADC. Their failure to ensure that the ADC was provided with a dentist for the North Central Unit constitutes a breach of duty and medical negligence, especially when inmates such as myself had to endure pain and suffering due to their breaches and negligence. Additionally, there is a dental department at the Diagnostic Unit which regularly services any inmates who are housed at units which have no dental department, however, no arrangements were made to transport any inmates to the diagnostic unit during the time period that they failed to provide the unit with a dentist, despite the fact that inmates were, from time to time, sent to the diagnostic unit for other medical purposes, from the North Central Unit. Therefore, C.M.S. and its employee staff who are

.page·6

# Statement of Claim

parties to this action, had options other than to simply allow Plaintiff to suffer with a toothache, yet, by failing to use those options the defendants showed deliberate indifference and reckless disregard to plaintiff's condition. These Defendants also violated the Plaintiff's right to Equal Protection of the laws, because during the time period that they failed to provide North Central Unit with a dentist, other inmates' dental needs were adequately serviced at the Diagnostic Unit, but Plaintiff was denied treatment. Therefore, defendants have violated Plaintiff's Eighth and Fourteenth Amendment U.S. Constitutional rights, and Plaintiff was subjected to physical pain and suffering due to their violations.

(3) Plaintiff and the ADC share a joint and several contract with C.M.S. for them to provide adequate medical and dental treatment, as well as an Implied Contract, and a Unilateral Contract that adequate medical and dental treatment be provided also. Prior to Plaintiff being seen at Sick Call on 9-24-02 and 10-2-02, Plaintiff signed a Consensual Contract to be treated by Medical staff which is a standard Health Service Request Form (see Exhibit B). Notice that the ADC is Jointly and Severally a partner to this contract between C.M.S. and Plaintiff. Therefore, Medical staff's failure to provide plaintiff with adequate dental treatment has also breached contractual obligations concerning the Contracts named in this paragraph, and Plaintiff has the right to assert a claim for such breaches of contract under the Contract Clause in Article I (one), Section 10 (ten) of the United States Constitution. Defendants have also breached a Special Contract, due to the fact that the duties of C.M.S. are well established and the reciprocal rights of the parties to such a contract, and the obligations of parties to such a contract, need not be in writing as distinguished from a contract which must be made out. Plaintiff will assert this claim under Special Damages, and as a matter of substantive law, so that the Court is aware of Plaintiff's intentions.

(4) On 11-19-02 I saw my name on the list for a dental appointment and I was hoping that the pain was about to end, however, I was only scheduled

Page 7          "Statement of Claim

to have my teeth cleaned by the dental hygienist. The dental hygienist told me that I needed one of my teeth pulled, and another one needed to be diagnosed for filling or extraction, and I told her that I was already scheduled for the extraction, or so I thought. The hygienist also made a note in my medical record that she had observed the need for this extraction, and she verbally instructed the Dental Assistant Ms. Emery to have me scheduled for an extraction. Ms. Emery told her that my name was on the list and that I'd just have to wait until it came up for an appointment.

(5) Throughout the entire time extending from 9-20-02 to until the tooth was finally extracted, I had been in so much pain that some nights I could not sleep at all, and some nights when I did fall asleep I'd wake up in the middle of the night because the tooth was hurting so badly. This greatly affected my everyday habits and work schedule because the medication wasn't keeping the pain away. I took so much pain medication that it sometimes made me sick to my stomach, and after my body got use to it, it no longer eased the pain at all, in fact, even when it did work, after the effects wear off, the pain was even greater than it was before I took the medication. Sometimes I could not eat, because certain foods served in the dining hall were too hard, or tough, or hot, or cold, and since I have no back teeth on the top right side of my mouth, I had to chew my food on the left side of my mouth where the decayed tooth was located. This made eating a painful experience because sometimes even the softest foods hurt or irritate a grossly decayed tooth.

(6) Finally, On 12-23-02, I filed grievance #NCU-02-2862 (see Exhibit A(i)) because I was totally fatigued from pain. I couldn't take anymore procrastination from medical staff, because everytime I talked to someone they told me that I'd be seen when my name came up for an appointment. On 12-27-02, I

Page 8    <u>Statement of Claim</u>

was interviewed for my grievance by Ms. Linda Hunt, and she seemed to treat the matter with a sense of urgency, because she immediately sent me to the dental department following our conversation. Inside the dentist's office were Ms. Emery and Dr. Bailey, and it was obvious from their attitudes that they were purturbed about the grievance I had written on 12-23-02. They told me that I could get the tooth extracted on that day, but they said it would have to be done right then, before lunch, because the dentist prefers doing extractions before eating lunch, for whatever reasons. I told them that I wanted to get it done, but that I needed to eat something before having the tooth pulled, because I had not eaten anything on that day. They were indifferent to my request, and arrogantly responded by telling me that I could either do it right then or wait until the dentist returned after the Christmas and New Year's holidays.

(7) The need to eat is a basic human need, therefore, it's only natural that I needed to eat something before getting the tooth extracted, because for one, as I've already stated in Paragraph (5), I have no teeth on the top right side of my mouth so I have to chew my food on the left side, which is where the extraction was needed. Obviously, after an extraction, the mouth will be sore and bleeding, and numb on the side where the tooth was extracted, therefore, it would be a very hard task trying to eat immediately after an extraction under such circumstances. However, in Ms. Linda Hunt's C.M.S. Response to the grievance I wrote on 12-23-02 (see Exhibit A(3)), she stated that I was given the option to have the tooth extracted, but I decided to wait a week or so. Under "Recommendations" Ms. Hunt stated "Please follow the dentist's recommendations and have the tooth pulled on your next scheduled visit." She stated these comments as if I was the one to blame, and as if the appointment on 12-27-02 was a scheduled appointment. Due to the fact that Dr. Bailey and Ms. Emery would not let me eat prior to getting the tooth pulled on 12-27-02, Plaintiff had to wait until 1-7-03 to get the tooth ex-

## <u>"Statement of Claim"</u>

tracted. Also, it was obvious that both Dr. Bailey and Ms. Emery shared an attitude of hostility toward me because of the grievance which was filed against the dental department, in fact, Ms. Emery even stated that I should consider waving the grievance because I didn't have to file it in the first place. It was their attitude which also contributed to my reason for not wanting to get the tooth extracted right then and there, because I definitely did not want a hostile dentist and dental assistant operating on my mouth, and I don't think anyone else would. It especially ~~seemed~~ seemed to agitate them that I would not waive the grievance despite their requesting that I did so.

(8) During the session on 12-27-02, I also learned that Dr. T. Bailey had reviewed the X-rays which were taken on October 4, 2002, and he had determined that I desperately needed to have my tooth extracted sometime in the month of October shortly after taking the position as dentist. Therefore, he should have made sure that an appointment was made to have the tooth extracted upon reviewing the X-ray photos on the date that the determination was made, but Dr. Bailey's failure to do so caused the Plaintiff to suffer all the way until January. Kimberly Emery was the dental assistant and the one responsible for recording scheduled appointments, and seeing to it that these appointments were kept on their scheduled dates. Dr. Bailey was the dentist and he should have made sure that Ms. Emery scheduled the appointment in accordance with his own schedule. Also, since Dr. Bailey is a dentist, and he was the one who reviewed my X-rays, he is the one with the most direct knowledge of the pain I must have been feeling, yet he failed to secure a scheduled appointment, even after the dental hygienist made a note in my medical records of her own observations on 11-19-02. This is a demonstration of reckless disregard and deliberate indifference, due to the prolonged ne-

Page 10

## Statement of Claim

gligence and repeated acknowledgments of serious dental needs, without taking necessary action to relieve Plaintiff's painful condition.

(9) Cash Cherry was the Infirmary Medical Administrator, and it's his responsibility to review all infirmary records, documents, and serious medical needs. Administrative Regulation 833 refers to his position as a "provider", and stipulates that as an administrator he is to provide health care services for inmates. His position is to clearly make sure all infirmary operations are handled efficiently and successfully, therefore, in all actuality, during the time that North Central Unit was without the services of a dentist, it was Cash Cherry who should have coordinated C.M.S. and the ADC's resources, to make sure that inmates in need of serious dental treatment were sent to the Diagnostic Unit for such treatment. He should have personally kept a record of all the inmates in need of dental care, and as soon as a dentist was provided for the unit, he should have made sure that dental needs were serviced according to the seriousness of the need and how long the need had been on record. Whether this is to be considered as negligence or deliberate indifference ultimately is a decision which the Court must make, however, Plaintiff feels that when a person has a responsibility to keep up with records, and those records reflect that the need for dental care has been addressed and acknowledged on two or more occassions, and those records have come across his desk two or more times, failure to properly ensure that such serious dental needs are considered as priority, even after three months, constitutes a deliberate indifference claim.

(10) As already stated in paragraph (2) of this action, Correctional Medical Services is a private corporation who has a contract with the ADC

Page 11

## Statement Of Claim

to provide adequate medical and dental treatment for inmates. Their failure to ensure that the ADC was provided with a dentist for the North Central Unit constitutes a breach of duty and medical negligence. The Court is, however, only to hold C.M.S. as being liable for their breaches of duty for the amount of time which they failed to provide North Central Unit with a dentist, and not for the three month time period which Plaintiff was denied dental treatment. Plaintiff does not wish to paint a fictitious picture of the violations of C.M.S., but Plaintiff does wish to be compensated for those actions incurring liability, on the part of C.M.S. Therefore, due to the fact that Plaintiff signed a Consensual Contract, which also entailed contractual obligations to an Implied Contract, a Joint and Several Contract, a Unilateral Contract, a Special Contract, and a Subcontract, Plaintiff does assert claims to the breaches of such contractual obligations under the provisions of the Contract Clause in Article I, section 10 of the United States Constitution, against Correctional Medical Services, and against all other defendants who are parties to this action including Dr. T. Bailey, Ms. Kimberly Emery, and Cash Cherry. Each has respectively breached contractual obligations in violation of Article I, Section 10 of the U.S. Constitution and shall be held liable for their respective breaches.

(11) Correctional Medical Services, in it's Official Capacity, and its employees who are parties to this action, in their Official and Personal Capacities, have exhibited deliberate indifference and/or medical negligence by denying the Plaintiff adequate dental treatment, therefore, they have caused the Plaintiff to suffer pain, needless and unnecessary pain to be precise. This fact establishes that the Plaintiff's Eighth Amendment rights were violated because Plaintiff was subjected to cruel and unusual punishment for a

## Statement of Claim

time exceeding three (3) months. During this three month time period, there were other inmates who received adequate dental treatment within the ADC, even while North Central Unit did not have a dentist. After a dentist was provided by C.M.S. at the Unit, other inmates were treated at the Unit, some of whom had not been on the list awaiting treatment as long as the Plaintiff. All of these facts constitute that the Plaintiff's Fourteenth Amendment rights to Equal Protection of the laws has also been violated in addition to Plaintiff being subjected to cruel and unusual punishment.

(12) Deliberate indifference can be proved by ~~measuring the adequ~~ showing a prison official's mental state. But deliberate indifference is also a standard for measuring adequacy of prison officials' responses to the known medical needs of inmates and their system for allowing inmates to make their needs known. While intentional or reckless denial of treatment may constitute deliberate indifference, denial of treatment regardless of mental state can also constitute deliberate indifference. When prison officials are aware of inmates' dental needs they must not deny -- intentionally or otherwise -- care to them. This is established in the various formulations of the deliberate indifference standard. (Dean v. Coughlin, 623 F. Supp. 392 at 31 (S.D.N.Y. 1985). Defendants Bailey, Emery, and Cherry have exhibited deliberate indifference by denying Plaintiff care for serious dental needs. (Conclusion of this section)

## VI. "Relief" (continued from page 4)

cluded contractual obligations to an Implied Contract, a Special Contract, a Joint and Several Contract, a Unilateral Contract, and a Subcontract. Plaintiff asserts the claim for Special Damages, also, as a violation of Article I, Section 10 of the United States

## "Relief"

Constitution, under the provisions of the Contract Clause. Plaintiff requests monetary damages in no specific amount, so long as the amount awarded adequately charges the defendants for their respective breaches of contractual obligations. Plaintiff would like for the Court to acknowledge that the defendants are paid very well, ● by the Department of Correction and the State of Arkansas, to provide inmates with adequate medical and dental treatment, therefore, deliberate indifference and/or medical negligence does not sufficiently fulfill the requirements of such contractual obligations, and the amount of money paid to the defendants during their breaches should be an issue to be considered when deciding the award of monetary damages, because Plaintiff suffered physical pain, mental and emotional anguish for over three (3) months due to their breaches. Each defendant should be held liable for their respective breaches Jointly and Severally.

(B) Award Compensatory Damages Jointly and Severally against:

(1) Defendant Correctional Medical Services for every day which Plaintiff had to suffer due to their failure to provide North Central Unit with a dentist. The amount of monetary damages requested as Compensatory Damages should adequately compare to the amount that C.M.S. was paid to provide adequate dental and medical treatment for inmates within the ADC.

(2) Defendant Dr. T. Bailey to compensate the Plaintiff for everyday that I had to suffer physical pain, and emotional and mental anguish, after Dr. Bailey was hired to service the North Central Unit's dental needs. The amount of monetary damages awarded should adequately compare to the amount that Dr. Bailey was paid during the time he was on staff, while the Plaintiff suffered. As a dentist, he knows, or reasonably should know, that decayed teeth cause excrutiating pain, and if left unattended, decayed teeth can become infected and poison the brain, causing brain damage or even fatality.

(3) Defendant Dental Assistant K. Emery to compensate the Plaintiff for every day that I had to suffer after Dr. Bailey was hired to service inmates'

## Relief

dental needs at the North Central Unit. The amount of monetary damages awarded should adequately compare to the amount of money which Ms. Emery was paid during the time Dr. T. Bailey was on staff while the Plaintiff suffered physical pain, emotional and mental anguish. The Plaintiff was seen by dental staff (Ms. Emery) on 10-4-02 and X-rays were taken. Plaintiff was again seen on 11-19-02 by Ms. Emery and the Dental Hygienist, who again noted that the decayed tooth needed to be extracted. Ms. Emery should have made sure that Plaintiff's dental needs were treated as soon as possible.

(4) Defendant Medical Administrator Cash Cherry ⊛ to compensate Plaintiff for EVERY DAY that the Plaintiff suffered physical pain, mental and emotional anguish, from the day that the Plaintiff was first seen at Sick Call on 9-24-02, to the day that the Plaintiff's tooth was extracted on or around 1-7-03. Plaintiff specifically makes this request due to the fact that Mr. Cherry had the power to transport Plaintiff to the Diagnostic Unit for the tooth to be extracted, even before C.M.S. provided the North Central Unit with a dentist. Also, he should have made it priority to Service the needs of the Plaintiff immediately upon the arrival of Dr. Bailey, however, Mr. Cherry failed to perform such duties. He allowed the Plaintiff to be subjected to physical pain and suffering for over 106 days before the tooth was extracted. The amount of monetary damages awarded should adequately compare to the amount of money Mr. Cherry was paid during the 106 day time period which he and his dental Staff failed to provide dental care for the Plaintiff.

ⓒ. Award Punitive/Exemplary Damages against:

(1) Defendant C.M.S. in an amount which adequately compares to the amount of money which they were being paid during the time of their breaches, that will sig-

## Relief

nificantly serve as a reminder that such breaches, whether intentional or accidental, could cost a person their life and it could cost C.M.S. a lot of money.

(2) Defendant Dr. T. Bailey, in an amount which adequately compares to the amount he was paid during the time of his official/personal breaches and violations.

(3) Defendant K. Emery, in an amount which adequately compares to the amount she was paid during the time of her official/personal breaches and violations.

(4) Defendant C. Cherry, in an amount which adequately compares to the amount of money that he was paid during the time of his official/personal breaches and violations.

(D). Award Substantial Damages against Defendants C.M.S., Dr. T. Bailey, K. Emery, and C. Cherry, jointly and severally, for their breaches and violations causing the plaintiff physical pain and suffering, mental and emotional anguish. Plaintiff was forced to endure nights without sleeping and pain while eating due to these defendants failure to act for over 106 days. Plaintiff requests a total sum of ~~$100000~~ $106,000.00 in Substantial Damages, Jointly, to be severally paid according to the severity of each defendants violations and breaches. $106,000.00 is a considerable amount of money, however, considering the fact that defendants allowed the Plaintiff to suffer over 106 days from the pains of a decayed tooth, which could have been simply extracted at the outset by sending the Plaintiff to the Diagnostic Unit, this is a reasonable sum. Additionally, during the 106 days which Plaintiff suffered other inmates within the ADC received treatment for their dental needs, even at the same Unit where the Plaintiff was being housed once a dentist was obtained, therefore, Substantial Damages is an amount which properly addresses this particular situation.

(E). Award Direct Damages against Defendants C.M.S., Dr. T. Bailey, K. Emery, and C. Cherry, due to their breaches of contractual obligations. The amount awarded should adequately compare to the amount of money they were paid during the time of their breaches and violations, jointly and severally.

Page·16

(F.) Plaintiff requests that the Court grant such other relief as it may appear that plaintiff is rightfully entitled.

Date: October 24, 2004

Respectfully submitted,

Richard DeLon Day, Jr. #88100
Maximum Security Unit
2501 State Farm Road
Tucker, AR 72168

Exhibit A(1)

C-800-5

**GRIEVANCE FORM**

ATTACHMENT I

UNIT/CENTER North Central

For Office Use Only

# NCU-02-286 2

12-28-02        600

Date Received

DEC 2 3 2002

North Central Un...

NAME (Please Print) Richard Day          ADC # 88100

BARRACKS 3          JOB ASSIGNMENT Barracks Porter

Have you discussed this problem with your immediate supervisor? YES ✓ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: I have been suffering from a severe toothache for over three months from the same tooth. Infirmary staff, both dental and medical, had me thinking for a while that they didn't have a dentist for this unit. Then after they got one they claimed to be so far behind that I had to be placed on a waiting list. I've asked for them to re-schedule me on several occasions but they keep saying that when my name comes up they will see me. Now the pain is so excruciating and intense that I'm left with no alternative but

**WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?**
to write this grievance hoping that it may speed up the process. Pain medication taken on a regular basis nauseates me and only makes the pain three times worse after it wears off. This tooth needs extracting as soon as possible.

Inmate Signature Richard Day          Date 12-23-02

IS THIS AN EMERGENCY SITUATION? YES ✓✓ NO ___ If so, why? (Provide Explanation) This tooth is rotten to the root and it's common knowledge medically that if a tooth is in this condition for prolonged periods it can poison the brain and result in fatality. It's also very painful, so much so that I cannot even sleep some nights having to endure without any escape.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_____

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) Cpl. J. Hopkins

FROM WHICH INMATE? DAY, R.          ADC # 88100

DATE 12-23-02          TIME 6:57 AM

Cpl. J Hopkins
Signature of Receiving Officer

*Exhibit H(2)*
Attachment II

INMATE NAME _Day, R._____ ADC# __88100____ GRIEVANCE# NCU- 02 -2862___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have determined that your grievance is a medical matter. I have forwarded your grievance to the Medical Administrator who will provide a written response, and/or will interview you within twenty working days of the date I received your grievance. Should you receive no response within this time frame, or the response that you received is unsatisfactory, you may appeal to the Deputy Director for Health and Correctional programs. If you have medical needs that you believe are urgent, put in a Sick Call Request, or send a Request for an Interview to the Medical Administrator.

    If you appeal this grievance, you need to attach the Infirmary Manager's response to your appeal. Otherwise the grievance may have to be returned to you for this information before it can be answered.

_____          _____          _____
Signature of ARO or Warden's/Supervisor's Designee          Title          Date
                                                                           12/24/02

---

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within ten days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original compliant. Do not list additional issues which are not a part of your compliant.

WHY DO YOU NOT AGREE WITH THE RESPONSE? The respondent, Ms. L. Hunt, has failed to provide a reason for my medical/dental needs being ignored for a three month time period. She did say that "on 11-19-02 the dental hygienist documented that [#15 needs extracted and #13 needs diagnosis by DDS for filling or extraction]. However the hygienist did not bring this to the dental assistant's attention so that you could be scheduled." This excuse does not explain why prior to 11-19-02 I was not scheduled when I was seen on 9-24-02 for the same problem. I believe that someone has forgotten to do their job long before 11-19-02. Her recommendation is for me to have the tooth pulled on my next scheduled visit, but what about the three months that I suffered from not being able to get the tooth pulled?

_Richard Day_____          _088100_____          _1-4-03_____
Inmate Signature          ADC#          Date

Received
HEALTH SERVICES

13

**CMS GRIEVANCE RESPONSE** *Exhibit A(3)*

| Grievance #: NCU-02-2862 |
|---|

| Inmate: Day, Richard | ADC# 088100 | DOB: 04-10-1971 |
|---|---|---|
| Facility: NCU | Barracks: 3 | |
| Ltr Date: 12-23-02 | Date Infirmary Recvd: 12-23-02 | Response Date: 01-03-03 |

| Interview:  ☒ Required (Date) 12-27-02 | ☐ Deferred (state why) |
|---|---|

**Inmate's Complaints:  (Code 620)**

The complaint read, "I have been suffering from a severe toothache for over three months from the same tooth. Infirmary staff both dental and medical had me thinking for a while that they didn't have a dentist for this unit. Then after they got one they claimed to be so far behind that I had to be placed on a waiting list. I've asked for them to re-schedule me on several occasions but they keep saying that when my name comes up they will see me. Now the pain is so excruciating and intense that I'm left with no alternative but to write this grievance hoping that I may speed up the process. Pain medication taken on a regular basis nauseates me and only makes the pain three times worse after it wears off. This tooth needs extracting as soon as possible."

**Response:**

Your medical record reveals that you reported to sick call on 09-24-02 with complaints of a toothache. The nurse issued you Ibuprofen per protocol and referred you to the dental department.  On 10-02-02 you were seen again at sick call for complaints of a toothache. Again you were issued Ibuprofen per protocol and referred to see J. LaFevers APN. On 10-04-02 Ms LaFevers recommended an appointment with the dentist.

On 11-19-02 you saw the dental hygienist who documents [#15 needs extracted and #13 needs diagnosis by DDS for filling or extraction]. However the hygienist did not bring this to the dental assistant's attention, so that you could be scheduled. I apologize for the delay in scheduling this miscommunication caused.

On 12-27-02 you saw T. Bailey DDS. On this date Dr. Bailey documents, [visual inspection revealed gross decay, # 15, pt. given the option to have tooth extracted today, he wanted to wait for a week or so, Motrin 800 mg., to take three times a day for six days as needed for pain].

**Recommendations:**

Please follow the dentist's recommendations and have the tooth pulled on your next scheduled visit.

L. Hunt                    01-03-03

**Responding Staff:**                    **Date**

| Original - ADC Grievance Officer<br>Copy - Inmate<br>Copy - File | Follow Up Required?  No ☒ Yes ☐ Date _____ |
|---|---|

Received

JAN 1 0 2002

HEALTH SERVICES

Exhibit A(4)

Back of Attachment II

Day, Richard                           88100                      NC02-2862

INMATE NAME _____   ADC _____   GRIEVANCE _____

# DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed your grievance, appeal, the medical record and your dental record.  I found that were seen in Sick Call on 9/24/02 for the complaint of a toothache.  The nurse issued you Ibuprofen per the nursing protocol and referred you to the dental department.  On 10/2/02 you were seen again in Sick Call for the same complaint.  Again, Ibuprofen was recommended and you were referred to the APN.  Ms. La Fevers completed her exam and recommended that you be seen by the dentist.

You were seen by the dental hygienist and it was documented that #15 needs extracted and #13 needs diagnosis by the dentist for filling or extraction.  However, the hygienist failed to bring this to the attention of the dental assistant.

Dr. Bailey examined you December 27, 2002 and advised that #15 tooth needed extracted.  You refused and decided to wait for a week or so.  He prescribed Motrin 800mg to take three times a day for six days, as needed for pain.

Due to the delay in being seen by the dentist I find this grievance to have merit.  I would suggest that you follow Dr. Bailey's recommendation and have the tooth extracted.  I will forward a copy of your grievance to the CMS Director of Dental Services for corrective action.

_____
SIGNATURE

1-28-03
DATE

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/Assistant Director must be attached to any petition or complaint or the Court must dismiss your case without notice.  You shall also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

Exhibit B

**ARKANSAS
DEPARTMENT OF CORRECTION**    (Rev 11/99)

MSF-202C

**Health Service Request Form**

| Name (Last, First, MI) | ADC#: | Date of Birth: | Barracks: | Date of Request |
|---|---|---|---|---|

Job Assignment

Description of the problem:

I consent to be treated by the Health Services Staff for the condition described: _Richard D Day_

**PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA AND DO NOT WRITE BELOW THIS LINE**

**List Protocol(s) Below:**                **NURSING DOCUMENTATION**

1)                                2)                                3)

Subjective Data

Objective Data:    BP:        Pulse:        Respirations:        Temperature:        Weight:

Assessment:

Plan by Nursing Care:

Body System Code:    (from problem list)    |    Patient Education: [ ] Handout    [ ] Verbal Instruction topic:

Refer to:    [ ] Physician    [ ] Mid-level    [ ] Mental Health    [ ] Dental    [ ] Other: (List:

| Signature | Title | Unit | Date | Time |
|---|---|---|---|---|

Name:

ADC#:

Date of Birth:

SS#